**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ERNEST MITCHUM, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KORY L. HONEA, Butte County Sheriff; HAL BROOKS; AL SARACINI; JANE DOLAN; HILDA WHEELER; BERTHA MOSELEY; LEN FULTON; D. HOVEY, Butte County Sheriff Captain and Jail Commander; BRIAN MEYERS, Butte County Sheriff Jail Lieutenant; L. NILES, Jail Sergeant; HANCOCK, Jail Sergeant; ADAMSON, Butte County Jail Correctional Deputy; K DUNN, Butte County Jail Correctional Deputy; COUNTY OF BUTTE, <br><br> Defendants - Appellees. | No. 24-5777 <br><br> D.C. No. 2:22-cv-02313-DAD-CKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted July 9, 2026
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Michael Mitchum ("Mitchum" or "Plaintiff") filed a pro se complaint ("the Complaint") alleging that Butte County and individual Defendants (collectively, "Defendants") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.  The district court dismissed the Complaint for failure to state a claim.  Plaintiff timely appealed.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  We accept all factual allegations in the Complaint as true, adopt all reasonable inferences in favor of the non-moving party, and liberally construe filings of pro se plaintiffs.  *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

To state a claim under Title II, a plaintiff must plausibly allege: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (quoting *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).  To recover monetary damages, a complaint must plausibly allege the public entity acted with deliberate indifference.  *Id*. at 1138.  Because the

Complaint plausibly alleges an ADA claim and deliberate indifference, we reverse and remand.

**1.** The Complaint plausibly alleges a qualifying disability. The ADA defines "disability" as a "physical or mental impairment," and establishes that its definition of disability must be "construed in favor of broad coverage." 42 U.S.C. § 12102(1)(A); *id.* § 12102(4)(A). The disability must "substantially limit[] one or more major life activities." *Id.* § 12102(1)(A).

The district court erred in concluding that the Complaint failed to state an ADA claim because it did not name a "specific, recognized mental or physical illness." A plaintiff is not required to name a specific diagnosis to state a claim under the ADA. Instead, the ADA defines disability in relation to limitations on specific life activities. *See id.*

Adopting a broad reading of disability (as the ADA requires, 42 U.S.C. § 12102(4)(A)) and construing all facts in the light most favorable to Mitchum (as this court's pleading standards require, *Heineke*, 965 F.3d at 1012), the Complaint plausibly alleges a physical impairment that substantially limits Mitchum's major life activities. The Complaint alleges that Mitchum suffered mobility limitations for more than four years, that both his knees dislocate spontaneously, and that he cannot walk distances without a cane or a wheelchair. The Complaint also alleges that Mitchum's knee impairment affects his ability to shower safely. The

Complaint thus plausibly alleges that Mitchum's knee impairment limits his ability to care for himself, perform manual tasks, stand, and walk—qualifying major life activities under the ADA. *See* 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 35.108(d)(1)(v).

**2.** The Complaint plausibly alleges that Mitchum was "denied the benefits of the services, programs, or activities" of Butte County Jail ("the Jail"). 42 U.S.C § 12132. The district court concluded that the Complaint failed to state a claim because Mitchum was provided with a shower and toilet. But the ADA mandates more than bare access to a public entity's facilities. The ADA requires meaningful access to "assure" individuals with disabilities receive "equality of opportunity" and "full participation," *id.* § 12101(a)(7), and establishes that such access may be achieved through "reasonable modifications to rules, policies, or practices" or "the provision of auxiliary aids and services." *Id.* § 12131(2).

Here, Mitchum sought accommodations—handrails in showering and toileting facilities, a shower chair, a cane, and an exemption from any cleaning requirement—to facilitate meaningful access to "toilet and bathing facilities, and elementary mobility" within the Jail. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 (9th Cir. 2010). Because he was denied accommodations, Mitchum was only able to access these facilities on par with non-disabled detainees by risking injury and humiliation. The Complaint thus plausibly alleges denial of

4                                                                    24-5777

meaningful access to showering, toileting facilities, and elementary mobility within the Jail, which constitutes a denial of services under the ADA.

**3.** To state a claim under Title II, a plaintiff must allege "such exclusion, denial of benefits, or discrimination was *by reason of his disability*." *Duvall*, 260 F.3d at 1135 (emphasis added). The Complaint alleges that Mitchum's knee impairment prevented him from accessing the benefits of the Jail's toileting and hygiene services and elementary mobility within the Jail equally to non-disabled inmates. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003). This is sufficient to plausibly allege that the denial of benefits was "by reason of [Mitchum's] disability." 42 U.S.C. § 12132.

**4.** To state a claim for damages, the Complaint must allege deliberate indifference. A defendant acts with deliberate indifference when it has "knowledge that a harm to a federally protected right is substantially likely, and [] fail[s] to act upon that [] likelihood." *Duvall*, 260 F.3d at 1139. We hold that the Complaint plausibly alleges deliberate indifference.

**A. Shower and Toilet Access.** Construed in the light most favorable to Mitchum, the Complaint plausibly alleges that the Jail was on notice of Mitchum's need for accommodations and "fail[ed] to act upon that [] likelihood." *Id*. The Complaint alleges that Mitchum sent the Jail his medical records establishing his prior ADA-qualified status, requested mobility accommodations, and filed

repeated grievances over the lack of mobility accommodations. Adopting all inferences in favor of Mitchum, the Complaint also alleges that the Jail "failed despite repeated requests to take the necessary action" and failed to give "primary deference" to his requests, as Mitchum was never assigned a housing unit with handrails in the shower and toilet facilities. *See id.* at 1140; *Updike v. Multnomah County*, 870 F.3d 939, 958 (9th Cir. 2017).

**B. Elementary Mobility.** We reject Defendants' arguments that Mitchum forfeited consideration of whether the district court erred in dismissing his allegations that Jail officials physically dragged him when he could not walk unassisted. Mitchum's Notice of Appeal was sufficient under Federal Rule of Appellate Procedure 3(c)(4), and the Opening Brief "specifically and distinctly" argues that these allegations state an ADA claim. *Chadd v. United States*, 794 F.3d 1104, 1109 n.4 (9th Cir. 2015) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).

The allegations plausibly allege deliberate indifference. Construed in the light most favorable to Mitchum, the Complaint alleges that the Jail was on notice of Mitchum's need for mobility accommodations, and that on one occasion, Defendants confiscated Mitchum's cane and a deputy physically dragged him down the hallway when he could not walk unassisted, and on another occasion, a Defendant confiscated Mitchum's temporary wheelchair due to a command "from

the top," and physically dragged him on the ground when he could not walk unassisted. Such abrupt terminations of accommodations and the subsequent affirmative action of physically dragging a person unable to walk plainly evince "an element of deliberateness," rather than proper consideration of whether the requested aid "would be unreasonable or could not be accommodated." *See Duvall*, 260 F.3d at 1139; *Updike*, 870 F.3d at 957. The Complaint thus plausibly alleges more than "bureaucratic slippage that constitutes negligence rather than deliberate action or inaction." *Duvall*, 260 F.3d at 1139.

**5.** The district court erroneously construed the facts alleged in the Complaint against Mitchum in dismissing the Complaint based on his assumed employment status. The district court found that it was unclear from the Complaint whether Mitchum was employed by the Jail when he fell in 2019 and 2020: "While not entirely clear, it appears that plaintiff worked as an inmate/janitor at the time. Also, while not entirely clear, the court assumes that plaintiff was required to work as a janitor." The district court then inferred from Mitchum's Complaint, which stated that the Jail's handbook "required" him to clean, that he was employed as a janitor. Even assuming without deciding that employment status in carceral settings could bear on an inmate's ability to state a claim under the ADA, the district court should have adopted the inference in Mitchum's favor that the Jail imposed a general duty to maintain the cleanliness of communal spaces on

7                                    24-5777

detainees, not that Mitchum was employed. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) ("[T]he court must . . . draw[] all reasonable inferences from the complaint in h[is] favor.").

**6.** The district court erred in dismissing the Complaint based on distinguishable cases. First, the question in this case is not whether the ADA is a public safety statute for purposes of determining whether the negligence per se doctrine applies. *See Hunter ex rel. A.H. v. District of Columbia*, 64 F. Supp. 3d 158, 189 (D.D.C. 2014). The district court erred in suggesting that under the ADA, disabled persons denied benefits may recover if they *risk* injury to access services, but not if they are *injured*. Injury does not preclude recovery under the ADA. *See, e.g.*, *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1224 (9th Cir. 2008). Second, the basis for Mitchum's ADA claim, unlike the plaintiff in *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010), is not that he received "inadequate treatment" for his disability. *See, e.g.*, *Furgess v. Pa. Dep't*, 933 F.3d 285, 291 (3d Cir. 2019) ("[C]omplaints about not being provided an accessible shower are not . . . disagreements about medical treatment . . . . They are requests for reasonable accommodations so that inmates with disabilities can take a shower—just like able-bodied inmates.").

**REVERSED AND REMANDED.**